The Chíef Justice, delivered the following opinion of the court: — -The appellee exhibited his bill against the appellant, to obtain relief against the elder grant ; and the court, thinking he had the better equitable claim to a part of the land in controversy, pronounced á decree accordingly ; from which Lee appealed.
Wall claims under a certificate for a village right of 400 acres, and the pre-emption appendant, granted to Thomas Williams, on the 16th February 1780, “lying On the second right hand fork of Lawrence’s creek, that heads with the waters of Licking, to include his improvement, made by Charles Lecompt.” Which certificate was entered (as to the settlement of 400 acres) with the surveyor, on the 23d of the same month, in the same words, and is the claim in controversy.
The appellant claims under George Evans’s entry, made in 1783.
The second right hand fork heading with the waters of Licking, would not lead to the improvement claimed for Williams’s ; and if that improvement was really intended by the locator, the reference to the fork of Lawrence’s creek, is false and deceptive.
A call for. a natural object, so deceptive and misleading as that, could only be counterbalanced and overruled by some other certain and well khown object of description. Williams’s entry gives no other, but “his improvement made by Charles Lecompt.” As the calí for the fork of Lawrence’s creek, is false, the entry can only be said to inform us, after searching the second fork, (if no improvement was found there) to look somewhere on the waters of Lawrence’s creek, on a fork of it, for the improvement.
What kind of an improvement this was, the entry does not say. It may have been a cabin, or a marked tree, a pen, or a brush-heap ; any one of which, in the language of those times, since sanctioned by usage and the common consent of the country, was an improvement. The proof that Lecompt’s cabin was of split logs, not common amongst improvers, cannot avail, except so far as it might have assisted to give the cabin notoriety.
*451 But the evidence in the cause, so far from establishing notoriety, as to “ Williams’s improvement made by Charles Lecompt,”’ does not establish even the identity of any such improvement. Charles Lecompt and Alexander M’Clelland say, that in 1775, said Lecompt and David Perry, together, b,uilt two cabins of split logs on the first large right hand fork: of Lawrence’s creek ; one of which was for said Lecompt, the other for Perry j thatwhén Lecompt and Perry went up that fork to improve, M’Clelland, M’Connel, and others, went up the' main fork to. make improvements ■ ;> that a day or two, after Lecompt and Perry had made their improvements. Perry shewed them (in hunting) to M’Clelland ; and a few days-thereafter,, the company left the country. Whether Perry ever returned-, does not appear ; Le-compt did. not return for. near twenty years,
Ignatius Mitchell, says he. was, on Lawrence’s creek and its waters in 1776, improving, (and, he thinks, on the right hand,fork of the creek),and saw the cabins of split logs, and. thinks he heard them called Perry’s and Lecompt’s cabins, by two of his company. We hear no more.of these cabins until 1784, . But that either of them was built for Williams, or sold to him, or had acquired any fame as his, before the date of his entry, is. not made out by any colour of proof, The call for Williams’s improvement, was altogether insufficient in, itself, and could not correct the delusive reference to the second right hand fork, instead.of. to the first, large fork, upon which the claim has been surveyed.
The entry of Williams, under which the. appellee claims, is, therefore, altogether vague and uncertain. The decree of the circuit, court of, Mason, in sustaining the said.claim of the appellee, must be reversed, and it is hereby annulled, and set.aside ; the cause remanded to the said court, with direction to. dissolve the injunction, and dismiss the bill, with.costs, Which is ordered to be certified to the said circuit court.